HowEim, J.
Plaintiffs allege that on the 30th January, 1858, they purchased of defendant, by sample, 1,016 cases of wine of superior common claret, then stored in a bonded warehouse; that on 28th of April following they discovered that said wine was sour, wholly unmerchantable, and altogether different in quality and condition from the sample exhibited to them, of which they gave immediate notice, and tendered the wine to defendant, who refused to accept the same, and thereupon they caused 999 cases (the number not disposed of by them) to be sold at auction, the net proceeds of which they credited on the cost price thereof, and they aslc for judgment against defendant for the balance, and the storage paid by them.
The defense is a general denial. Judgment was rendered in favor of defendant, and plaintiffs appealed.
It is shown that a broker informed defendant that he had a purchaser for the wine, whereupon defendant sent his clerk to tlie warehouse for a sample; the clerk opened two or three boxes, took out sample bottles aud carried them to defendant’s store, whence the broker carried them to plaintiffs, who, with him, tried them and found the wine to be good “ cargo wine,” with an “ artificial flavor;” plaintiffs were then informed that the wine was au entire shipment of a particular brand by one vessel. About two months thereafter plaintiffs withdrew from the warehouse 400 boxes of the wine, and a month later (say 27th April, being about three months after their purchase) they withdrew and sold 400 boxes more, when they, for the first time, discovered that the wine was sour, and different from the sample; the remainder was not taken from the warehouse until ¿n July following, when 999 boxes were sold at auction. Wine of this grade, known as “cargo wine,” in a very short time, say within three months after, becomes unmerchantable in this climate. In sales of such wines vendors guarantee the wine the length of time necessary for the purchaser to examine the lot purchased, and in this instance no particular guaranty was given. The defendant was unacquainted with the condition or character of the wine, having sold without examining it.' It also appears that plaintiffs received the lot or shipment from which the sample was taken.
*12 It is a well-settled principle of law that a seller is bound to explain himself clearly as to the extent of his obligations; and the exhibition of a sample implies a warranty that the thing sold by it shall be in some measure in conformity to it. The sample is a tacit representation of the quality of the merchandise sold, and except where the warranty is clearly and explicitly excepted by the vendor, he must deliver the article in a condition equal to that of the sample. O. C. 2449; 1 N. S. 312; 4 R. 316; 10 R. 5.
The extent of this warranty is limited, however, to the condition of the article sold at the time of the sale; and where the commodity is by its nature liable to change or deterioration, and no fraud or concealment is shown, the buyer must prove that the defect or difference existed at the date of the sale, or must show that it was discovered as early as it was practicable to make an examination, or under such circumstances as to raise the. presumption that it must have existed at the time of the sale.
Applying these principles to this case, we think plaintiffs have failed to shew that the wine was unmerchantable or different from the sample at the date of the sale. On the contrary, the evidence raises the presumption that a change in its condition occurred after the delivery.
It was a low, cheap grade of claret, called “ prepared ” or “cargo wine," of which experienced dealers say, “ you cannot depend with any certainty that it will keep for any length of time.” There was no effort nor design to practice a deception in selecting the sample bottles, which were taken from different boxes indiscriminately. The sample was exhibited, and agreement made on 12th January—the note for the price given on 30th same month. On 24th March the plaintiffs removed 400 boxes from the warehouse, and on the 27th April following 400 boxes more, the purchaser of which examined the wine on the next day and found it sour, and complaint was then first made. We think the warranty did not continue such a length of time, under such circumstances, and the District Judge did not err in giving judgment for defendant.
Judgment affirmed.